IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:23-CV-00492-KDB-DCK

| | |
|---|---|
| APRYL NICHOLE DAVIS,<br><br>    Plaintiff,<br><br>    v.<br><br>BROCK & SCOTT LLC,<br>BANK OF AMERICA CORPORATION,<br>TRUSTEE OF CAROLINA LLC,<br>PINYAN LAW OFFICE, AND<br>FUTURE REALTY LLC,<br><br>    Defendants. | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff's *pro se* Motion for Summary Judgment (Doc. No. 22) and Defendants Brock & Scott LLC ("Brock & Scott") and Trustee of Carolina LLC's ("Trustee") joint Motion for Permission to Ignore the Motion for Summary Judgment (Doc. No. 24). The Court has carefully reviewed the motions, the parties' briefs in support and in opposition to the motions, and considered these motions under the more lenient standards applicable to *pro se* litigants. For the reasons briefly discussed here, the Court concludes that Plaintiff's Motion for Summary Judgment should be **DENIED** without prejudice as premature and Brock & Scott LLC and Trustee's Motion should accordingly be **DENIED** as moot.

### I.    LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *United States v. 8.929 Acres of Land in Arlington Cnty., Virginia*, 36 F.4th 240, 252 (4th Cir. 2022) (quoting Fed. R. Civ. P. 56(a)); *see United States, f/u/b Modern Mosaic, LTD v. Turner Construction Co., et al.*,

1

946 F.3d 201, 206 (4th Cir. 2019). A factual dispute is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *8.929 Acres of Land,* 36 F.4th at 252. "A fact is material if it might affect the outcome of the suit under the governing law." *Id*. (quoting *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013)). In determining if summary judgment is appropriate, "courts must view the evidence in the light most favorable to the nonmoving party and refrain from weigh[ing] the evidence or mak[ing] credibility determinations." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018) (internal quotation marks omitted) (quoting *Lee v. Town of Seaboard*, 863 F.3d 323, 327 (4th Cir. 2017)).

The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact through citations to the pleadings, depositions, answers to interrogatories, admissions, or affidavits in the record. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (when the nonmoving party "has failed to make a sufficient showing on an essential element of [his] claim with respect to which [he] has the burden of proof," summary judgment is warranted); *United States ex rel. Gugenheim v. Meridian Senior Living, LLC*, 36 F.4th 173, 178 (4th Cir. 2022). If the movant satisfies his initial burden to demonstrate "an absence of evidence to support the nonmoving party's case," the burden shifts to the nonmovant to "present specific facts showing that there is a genuine issue for trial." *8.929 Acres of Land,* 36 F.4th at 252 (quoting *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015)). "The mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Hixson v. Moran*, 1 F.4th 297, 302 (4th Cir. 2021). Rather, the nonmoving party must establish that a material fact is genuinely disputed by, *inter alia*, "citing to particular parts of the materials of record" and cannot rely only

on "conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." Fed. R. Civ. P. 56(c)(1)(A); *8.929 Acres of Land,* 36 F.4th at 252 (quoting *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013)). In the end, the relevant inquiry on summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

## II. DISCUSSION

Plaintiff's claims arise out of a mortgage loan secured by the real property located at 4307 Hubbard Falls Drive, Charlotte, NC 28269 (the "Property"). Doc. No. 1-1, at 2. On or about December 14, 2010, Plaintiff executed a promissory note to Bank of America, N.A. ("BANA") in the principal amount of $169,990.00 (the "Note") to purchase the Property, with a maturity date of January 1, 2041. Doc. No. 6-2, at 2. The Note was secured by a Deed of Trust ("Deed of Trust," and collectively with the Note, the "Loan"). Doc. No. 6-3. Subsequently, Plaintiff and BANA entered into a Loan Modification Agreement with an effective date of December 1, 2017, which reduced the principal balance of the Loan to $144,218.59, with a new maturity date of May 1, 2041. Doc. No. 6-4. Following a default on the Note, BANA initiated a foreclosure proceeding before the Mecklenburg County Clerk of Superior Court, 22-SP-1197, to foreclose the Property. Doc. No. 6-5. The foreclosure hearing took place on September 22, 2022, and the court issued an order to allow the foreclosure sale. Doc. No. 6-6. On December 1, 2022, a report of sale was filed. BANA was the purchaser and highest bidder on the property. Doc. No. 6-7. However, on January 3, 2023, Future Realty LLC filed notice of an upset bid that exceeded the BANA's bid. Doc. No. 6-8. The property was then sold to the upset bidder.

Plaintiff filed her Complaint in August 2023, alleging thirteen causes of action: (1) Identity Theft, (2) Identity Fraud, (3) Misrepresentation with Fraud, (4) Wire Fraud, (5) Deceptive Trading Practices, (6) Billing Errors, (7) Non-Consent without Full Disclosure, (8) Breach of Contract, (9) Breach of Duty, (10) Wrongful Foreclosure, (11) Wrongful Eviction, (12) Deprivation of Rights Under Color of Law, and (13) Repossession of Property. Doc. No. 1, at 4. Bank of America Corporation ("BAC"), Brock & Scott, and Trustee then filed motions to dismiss. Doc. Nos. 6, 13. The motions to dismiss are pending. However, Plaintiff has since filed a *pro se* Motion for Summary Judgment.

The Court finds that Plaintiff's motion, whatever its ultimate merits may be, is premature. "In general, summary judgment should only be granted 'after adequate time for discovery.'" *McCray v. Maryland Dep't of Transp., Maryland Transit Admin.*, 741 F.3d 480, 483 (4th Cir. 2014) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)). To decide otherwise "forces the non-moving party into a fencing match without a sword or mask." *Id.* Accordingly, Federal Rule of Civil Procedure 56(d) authorizes the court to defer or deny a motion for summary judgment, to allow time to gather evidence, or issue any other appropriate order if "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Once this showing is met, requests should be "broadly favored" and "liberally granted" to protect nonmovants from premature motions for summary judgment. *McCray*, 741 F.3d at 484 (quoting *Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council of Balt.,* 721 F.3d 264, 281 (4th Cir. 2013)).

Here, BAC, in its response to Plaintiff's Motion, contends that "the facts of this case are not even established, let alone undisputed." Doc. No. 23, at 4. Further, BAC has not yet filed an answer to Plaintiff's Complaint, the parties have not held a Rule 26(f) conference, no scheduling

4

order has been issued, and the discovery period thus has not yet commenced. *Id.* at 2. With respect to Brock & Scott and Trustee, they contend, as argued in their joint motion to dismiss, that this Court lacks personal jurisdiction over them and subject matter jurisdiction over this matter. Doc. No. 24, at 1-2. The Court finds that the Defendants' proffered reasons to defer consideration of summary judgment are sufficient and that Plaintiff's motion is premature. Therefore, the Court will deny Plaintiff's Motion for Summary Judgment without prejudice.

## III.  ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's Motion for Summary Judgment (Doc. No. 22) is **DENIED without prejudice** as premature**;** and

2. Brock & Scott and Trustee's Motion for Permission to Ignore (Doc. No. 24) is **DENIED** as moot.

**SO ORDERED, ADJUDGED AND DECREED**.

Signed: December 6, 2023

Kenneth D. Bell
United States District Judge

5

Case 3:23-cv-00492-KDB-DCK   Document 26   Filed 12/07/23   Page 5 of 5