IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-CV-492-KDB-DCK

| | |
|---|---|
| APRYL NICHOLE DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| BROCK & SCOTT LLC, BANK OF ) | |
| AMERICA CORPORATION, TRUSTEE OF ) | |
| CAROLINA LLC, PINYAN LAW OFFICE, ) | |
| and FUTURE REALTY LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Bank Of America, N.A.'s Motion To Dismiss Complaint" (Document No. 6) and "Defendants Brock And Scott, PLLC and Trustee Services Of The Carolina's Motion To Dismiss Complaint" (Document No. 13). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and are now ripe for disposition. Having carefully considered the arguments, the record, and applicable authority, the undersigned will respectfully recommend that the motions be granted.

## I. BACKGROUND

Apryl Nichole Davis ("Plaintiff" or "Davis"), appearing without an attorney ("*pro se*"), initiated this action with the filing of a form "Complaint For A Civil Case" (Document No. 1) (the "Complaint") on August 7, 2023. Generally, the Complaint alleges a "wrongful foreclosure" and includes thirteen (13) causes of action: (1) Identity Theft; (2) Identity Fraud; (3) Misrepresentation with Fraud; (4) Wire Fraud; (5) Deceptive Trading Practices; (6) Billing Errors; (7) Non-Consent without Full Disclosure; (8) Breach of Contract; (9) Breach of Duty;

(10) Wrongful Foreclosure; (11) Wrongful Eviction; (12) Deprivation of Rights Under Color of Law; and (13) Repossession of Property.

(Document No. 1).

As previously summarized by the Honorable Kenneth D. Bell:

> Plaintiff's claims arise out of a mortgage loan secured by the real property located at 4307 Hubbard Falls Drive, Charlotte, NC 28269 (the "Property"). Doc. No. 1-1, at 2. On or about December 14, 2010, Plaintiff executed a promissory note to Bank of America, N.A. ("BANA") in the principal amount of $169,990.00 (the "Note") to purchase the Property, with a maturity date of January 1, 2041. Doc. No. 6-2, at 2. The Note was secured by a Deed of Trust ("Deed of Trust," and collectively with the Note, the "Loan"). Doc. No. 6-3. Subsequently, Plaintiff and BANA entered into a Loan Modification Agreement with an effective date of December 1, 2017, which reduced the principal balance of the Loan to $144,218.59, with a new maturity date of May 1, 2041. Doc. No. 6-4. Following a default on the Note, BANA initiated a foreclosure proceeding before the Mecklenburg County Clerk of Superior Court, 22-SP-1197, to foreclose the Property. Doc. No. 6-5. **The foreclosure hearing took place on September 22, 2022, and the court issued an order to allow the foreclosure sale**. Doc. No. 6-6. On December 1, 2022, a report of sale was filed. BANA was the purchaser and highest bidder on the property. Doc. No. 6-7. However, on January 3, 2023, Future Realty LLC filed notice of an upset bid that exceeded the BANA's bid. Doc. No. 6-8. The property was then sold to the upset bidder.

Davis v. Brock & Scott LLC, No. 3:23-CV-492-KDB-DCK, 2023 WL 8482894, at *2 (W.D.N.C. Dec. 7, 2023) (emphasis added). There is no indication that Plaintiff appealed the Superior Court's "Order To Allow Foreclosure Sale" (Document No. 6-6) issued on September 22, 2022.

"Bank Of America, N.A.'s Motion To Dismiss Complaint" (Document No. 6) was filed on August 24, 2023, and seeks dismissal pursuant to Fed.R.Civ.P. 12(b)(6). "Defendants Brock And Scott, PLLC and Trustee Services Of The Carolina's Motion To Dismiss Complaint" (Document

No. 13) was filed on September 4, 2023, and seeks dismissal pursuant to Fed.R.Civ.P. 8(a), 9(b), 12(b)(1), (2), (4), (5) and/or (6).[1]

Plaintiff has made multiple filings that have been docketed as "responses" to the pending motions to dismiss; however, these filings are difficult to follow, mostly (if not entirely) ignore Defendants' arguments for dismissal, consist mainly of dozens of attached documents, and do not comply with the briefing requirements of this Court's Local Rules. See (Document Nos. 8, 16, 17, 18, and 20) and LCvR 7.1.

Defendant Bank of America, N.A., promptly filed a reply brief in support of its "…Motion To Dismiss Complaint" on August 30, 2023. (Document No. 9). Defendants Brock and Scott, and Trustee Services of the Carolinas, failed to file a reply brief, or notice of intent not to reply. See LCvR 7.1(e).

The pending motions are ripe for review and a recommended disposition to the Honorable Kenneth D. Bell.

## II.  STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial

---
[1] It does not appear that Defendants Pinyan Law Office or Future Realty LLC have responded to the Complaint.

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

In support of its motion to dismiss, Bank of America Corporation ("Defendant" or "BAC") asserts that the Complaint is "largely incoherent, but Plaintiff appears to allege, without any supporting facts, that BAC and three other named defendants were involved in the wrongful foreclosure of her mortgage loan, which was adjudicated in a state court action." (Document No. 6-1, p. 1). Defendant contends that the Complaint is barred by the Rooker-Feldman doctrine and *res judicata* because the Complaint "implicates whether the State Court order allowing foreclosure

4

to proceed was properly granted, which is an issue that cannot be re-litigated before this Court."

(Document No. 6-1, pp. 2, 5).

Defendant includes the following instructive discussion of applicable legal authority.

> Under the *Rooker-Feldman* doctrine, lower federal courts are prohibited from reviewing state court orders, such as the Order to Allow Foreclosure Sale. *See Plyler v. Moore*, 129 F.3d 728, 731 (1997). Specifically, the doctrine bars cases "brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005). **A lower federal court has no subject-matter jurisdiction over such actions**. *Allstate Ins. Co. v. W. Virginia State Bar*, 233 F.3d 813, 816 (4th Cir. 2000). The doctrine encompasses not only cases in which the state court judgment is directly attacked, but also cases in which "the federal court must determine that the state court judgment was erroneously entered or must take action that would render the judgment ineffectual." *Smalley v. Shapiro & Burson, LLP*, 526 Fed. App'x 231, 235-36 (4th Cir. 2013).
>
> Notably, Plaintiff did not appeal the State Court's Order to Allow Foreclosure Sale. Under North Carolina law, a grant of a final judgment of foreclosure is a "final order" for purposes of preclusion. *Boseman v. McGill*, 184 N.C. 215, 218 (1922) (stating that a judgment where foreclosure is adjudged is a final judgment); *see also Le v. Bank of Am., N.A.*, 3:12CV678-RJC-DSC, 2013 WL 139763 (W.D.N.C. Jan. 10, 2013) ("[U]ndersigned finds that the state foreclosure action resulted in a valid final judgment."); *Vogler v. Countrywide Home Loans, Inc.*, 1:10CV370, 2010 WL 3394034, at *3 (M.D.N.C. Aug. 26, 2010) (citing N.C. Gen. Stat. § 45-21.16(d1) ("[The] state court would give preclusive effect to the judicial findings in the state foreclosure proceeding.").

(Document No. 6-1, p. 6) (emphasis added).

Defendant BAC concludes that Plaintiff's lawsuit "invites this Court to rule on the propriety of the Order to Allow Foreclosure Sale" and is thus "contrary to the *Rooker-Feldman* doctrine" and must be dismissed. (Document No. 6-1, p. 7).

It appears that Defendant's first argument provides sufficient cause to recommend dismissal; however, Defendant BAC also argues that Plaintiff's Complaint is barred by *res judicata*. (Document No. 6-1, pp. 7-11). "*Res judicata* 'bars a party from suing on a claim that has already been litigated to a final judgment by that party or such party's privies and precludes the assertion by such party of any legal theory, cause of action or defense which could have been asserted in that action.'" (Document No. 6-1, p. 7) (quoting Ohio Valley Envtl. Coal v. Aracoma Coal Co., 556 F.3d 177, 201 (4th Cir. 2009)).

Defendant BAC notes that the elements for *res judicata* are: "(1) a judgment on the merits in the prior suit; (2) resolving claims by the same parties; and (3) a subsequent suit based on the same cause of action." (Document No. 6-1, p. 8) (citing In re Varat Enters., Inc., 81 F.3d 1310, 1314–15 (4th Cir. 1996)). Defendant persuasively argues that all three elements have been satisfied here. (Document No. 6-1, pp. 8-10).

Finally, Defendant BAC argues that Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief may be granted because it fails to allege any facts to support a plausible claim. (Document No. 6-1, p. 11) (citing Fed.R.Civ.P. 8(a) and 12(b)(6)). Defendant notes that:

> Plaintiff's Complaint is replete with claims that appear to be generic or superfluous, with a complete lack of any specificity. "Such haphazard pleading suggests this Complaint follows a 'shotgun approach" that the court disfavors." *See Parks v. Boston Scientific Corporation*, 2018 WL 1040103, at *1 (*citing Holland v. Wells Fargo Home Mortgage*, 2015 WL 1432458 at *1 (W.D.N.C. Feb. 13, 2015), holding that "a form complaint 'customized to add the particulars' is 'ineffective' and makes it more difficult for those with actual claims to have their day in court."); *see also Nemet Chevrolet, Ltd. V. Consumeraffairs.com, Inc.*, 591 F.3d 255 (4th Cir. 2009) (holding that a recitation of an element of a cause of action is nothing but "formulaic" and does not possess sufficient "heft" to satisfy Rule 8(a)). . . . Plaintiff merely lists claims, statutes, and

6

regulations with no connection whatsoever between those claims, statutes, and regulations to any action or inaction by BAC.

(Document No. 6-1, pp. 12-13).

As noted above, despite multiple filings labeled as "responses," Plaintiff has failed to provide any meaningful rebuttal to Defendants' arguments for dismissal. See (Document Nos. 8, 16, 17, 18, and 20). Specifically, it does not appear that Plaintiff has addressed any of the three (3) foregoing arguments for dismissal under Rooker-Feldman, *res judicata*, and/or Rules 8(a) and 12(b)(6).

In reply, Defendant BAC states:

> Plaintiff's one-page Response to BAC's Motion to Dismiss (the "Response") fails to refute any of the arguments set forth in BAC's Motion to Dismiss. In fact, Plaintiff's Response fails to make any arguments whatsoever. Plaintiff merely re-lists her purported causes of action against BAC, and appears to assert a number of new "violations" without any supporting facts or argument.

(Document No. 9, p. 1) (citing Document Nos 1 and 8).

Based on Defendant BAC's arguments and legal authority, and the lack of any adequate response to that briefing, the undersigned will respectfully recommend that the motion to dismiss be granted. The undersigned finds all of Defendants' arguments to be persuasive.

In particular, it seems to be well-established that federal courts lack jurisdiction over claims related to state court decisions on foreclosure proceedings. A previous decision by this Court, issued by the Honorable Frank D. Whitney, includes the following instructive analysis.

> Under the Rooker–Feldman doctrine, federal courts lack subject matter jurisdiction to sit in appellate review of judicial determinations made in state courts. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923). Jurisdiction to review such decisions lies with superior state courts and, ultimately, the United States Supreme Court. *See* 28 U.S.C. § 1257(a).
> . . .

7

> Not only do federal courts lack subject matter jurisdiction over claims actually decided in state foreclosure proceedings, they also lack subject matter jurisdiction over any matter inextricably intertwined with the state foreclosure proceeding. The Rooker–Feldman bar "extends not only to issues actually presented to and decided by a state court, but also to issues that are 'inextricably intertwined' with questions ruled on by a state court." *Brumbly v. Seutshe Bank Nat'l Trust Co.,* No. 1:09CV144, 2010 WL 617368, at *2 (M.D.N.C. Feb. 17, 2010) (Dixon, Mag. J.) (citing *Plyer v. Moore,* 129 F.3d 728, 731 (4th Cir.1997)), *adopted by Brumby, Jr. v. Deutsche Bank Nat. Trust Co.,* 1:09–cv–144, 2010 WL 3219353 (M.D.N.C. Aug 13, 2010)
> . . .
> Plaintiff's claims, therefore, are "inextricably intertwined" with the state court's decision, and is therefore unreviewable under the Rooker–Feldman doctrine. This is especially so since under the governing statute, Plaintiff had the opportunity to appeal the foreclosure order in state court and failed to do so. Thus, this Court lacks subject matter jurisdiction over Plaintiff's request.
> . . .
> Even though the Brock & Scott Defendants did not move to dismiss for lack of subject matter jurisdiction, "it is well-recognized in our jurisprudence that the issue of subject matter jurisdiction may be raised *sua sponte.*" *Unitrin Auto and Home Insurance Co. v. Bastida,* No. 3:09–cr–00217, 2009 WL 3591190, at *1 (W.D.N.C. Oct. 26, 2009) (citing *Contrick v. Ryan,* 540 U.S. 443, 455 (2004)).

<u>Baxter v. Brock & Scott PLLC and Trustee Services of Carolina LLC et al.</u>, No. 3:14-CV-165-FDW, 2014 WL 2861800, at *2-3 (W.D.N.C. June 24, 2014). <u>See also</u> <u>Sealy v. U.S. Bank Nat'l Ass'n</u>, No. 3:20-CV-431-RJC-DSC, 2021 WL 1178063, at *6 (W.D.N.C. Mar. 29, 2021) ("This Court lacks subject matter jurisdiction to adjudicate the Wrongful Foreclosure claim pursuant to the <u>Rooker-Feldman</u> doctrine.")

The undersigned notes that "Defendants Brock And Scott, PLLC and Trustee Services Of The Carolina's Motion To Dismiss Complaint" (Document No. 13) also persuasively argues for dismissal based on the <u>Rooker-Feldman</u> doctrine, *res judicata*, and other arguments. For the reasons stated above and detailed in Defendants' briefs, the undersigned finds that the Complaint

8

Case 3:23-cv-00492-KDB-DCK  Document 31  Filed 12/28/23  Page 8 of 10

should also be dismissed as to Brock &Scott, PLLC Trustee Services Of The Carolinas, and all remaining Defendants.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Bank Of America, N.A.'s Motion To Dismiss Complaint" (Document No. 6) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that "Defendants Brock And Scott, PLLC and Trustee Services Of The Carolina's Motion To Dismiss Complaint" (Document No. 13) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that this matter be **CLOSED**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: December 28, 2023

David C. Keesler
United States Magistrate Judge