**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:23-CV-00492-KDB-DCK**

| | |
|---|---|
| **APRYL NICHOLE DAVIS,** | |
| **Plaintiff,** | |
| **v.** | **ORDER** |
| **BROCK & SCOTT LLC,** **BANK OF AMERICA** **CORPORATION,** **TRUSTEE OF CAROLINA LLC,** **PINYAN LAW OFFICE, AND** **FUTURE REALTY LLC,** | |
| **Defendants.** | |

**THIS MATTER** is before the Court on Defendants Bank of America Corporation, Brock & Scott LLC, and Trustee of Carolina LLC's Motions to Dismiss ("Motions") (Doc. No. 6, 13), the Memorandum and Recommendation of the Honorable Magistrate Judge David C. Keesler ("M&R") entered December 28, 2023 (Doc. No. 31), and Plaintiff Apryl Nichole Davis's *pro se* Objection (Doc. No. 33). The Court has carefully considered these motions, the M&R, the objection, and the parties' filings in support of their respective positions. For the reasons discussed below, the Court will **GRANT** the Motions.

## I.     LEGAL STANDARD

A district court may designate a magistrate judge to "submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain pretrial matters, including motions to dismiss. 28 U.S.C. § 636(b)(1). Any party may object to the magistrate judge's proposed findings and recommendations, and the court "shall make a *de novo*

determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1) (italics supplied). Objections to the magistrate's proposed findings and recommendations must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette,* 478 F.3d 616, 622 (4th Cir.), *cert. denied*, 551 U.S. 1157 (2007). However, the Court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). After reviewing the record, the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## II.     FACTS AND PROCEDURAL HISTORY

Plaintiff's claims arise out of a mortgage loan secured by the real property located at 4307 Hubbard Falls Drive, Charlotte, NC 28269 (the "Property"). Doc. No. 1-1 at 2. On or about December 14, 2010, Plaintiff executed a promissory note to Bank of America, N.A. ("BANA") in the principal amount of $169,990.00 (the "Note") to purchase the Property, with a maturity date of January 1, 2041. Doc. No. 6-2 at 2. The Note was secured by a Deed of Trust ("Deed of Trust," and collectively with the Note, the "Loan"). Doc. No. 6-3. Subsequently, Plaintiff and BANA entered into a Loan Modification Agreement with an effective date of December 1, 2017, which reduced the principal balance of the Loan to $144,218.59, with a new maturity date of May 1, 2041. Doc. No. 6-4. Following a default on the Note, BANA initiated a foreclosure proceeding before the Mecklenburg County Clerk of Superior Court, 22-SP-1197, to foreclose the Property. Doc. No. 6-5. The foreclosure hearing took place on September 22, 2022, and the

court issued an order to allow the foreclosure sale. Doc. No. 6-6. On December 1, 2022, a report of sale was filed. BANA was the purchaser and highest bidder on the property. Doc. No. 6-7. However, on January 3, 2023, Future Realty LLC filed notice of an upset bid that exceeded the BANA's bid. Doc. No. 6-8. The property was then sold to the upset bidder.

Plaintiff filed her Complaint in August 2023, alleging thirteen causes of action: (1) Identity Theft, (2) Identity Fraud, (3) Misrepresentation with Fraud, (4) Wire Fraud, (5) Deceptive Trading Practices, (6) Billing Errors, (7) Non-Consent without Full Disclosure, (8) Breach of Contract, (9) Breach of Duty, (10) Wrongful Foreclosure, (11) Wrongful Eviction, (12) Deprivation of Rights Under Color of Law, and (13) Repossession of Property. Doc. No. 1 at 4. Bank of America Corporation ("BAC"), Brock & Scott, and Trustee then filed their motions to dismiss. Doc. Nos. 6, 13.

The Magistrate Judge recommended granting the Motions on the grounds that federal courts lack jurisdiction over claims related to state court foreclosure proceedings under the *Rooker-Feldman* doctrine, the doctrine of *res judicata*, and the lack of any adequate response by Davis. *See* Doc. No. 31 at 6-9. Davis filed an Objection, to which the Defendants did not respond. The motion is now ripe for this Court's review.

### III.  DISCUSSION

Respectfully, the basis of Plaintiff's Objection is frivolous. She contends that the M&R must be stricken because she has an "unalienable right and demand '**NO Magistrate Rendered Judgments**' on the grounds of unlawful activity, violations, and fraud." Doc. No. 33 at 1 (colors and emphasis in original). Specifically, she claims that Magistrate Judges must be registered under the Foreign Agent Registration Act ("FARA") and that the Magistrate Judge in her case must file an affidavit attesting to his compliance with FARA. *Id.*

Davis's filings in this case appear to rely on legal theories championed by "sovereign citizens." These theories "hinge[] on a mistaken belief that federal, state, and local governments are illegitimate and therefore, laws and regulations enacted by those bodies are unenforceable." *United States v. Booker*, No. 3:22-CR-00034-KDB-DSC, 2022 WL 3570591, at *2 (W.D.N.C. Aug. 18, 2022) (citation omitted); *see also* Doc. No. 33 at 3 ("I, :April:Davis©, only operate in Natural and Common Law Courts of Equitable Remedy; not Color of Law with statutes, regulations, policies, etc."); Doc. No. 28 at 3 ("I am not compelled, nor am I obligated, to perform in your fraudulent, fictious jurisdiction of statutes, policies, clauses and acts…. See: 'Exposition of the treaty made between his highness the heaven-protected, the seid said son of the seid sultan defender of maskat and its dependencies, and the [U]nited [S]tates…'"); Doc. No. 22 at 3 ("In point of fact, statutes are not Law. In point of fact, codes are not Law. In point of fact, joint resolution is not Law.").

Courts across the country, including this one, uniformly reject these arguments because they have no basis in law. Like this Court stated in *Booker*, Davis's filings "are textbook examples of frivolous filings. The arguments raised by the [Plaintiff] have no basis in law or fact. The [Plaintiff's] right of self-representation is 'not a license to abuse the dignity of the courtroom' nor 'license not to comply with relevant rules of procedural and substantive law.'" *Booker*, 2022 WL 3570591, at *2 (quoting *Faretta v. California*, 422 U.S. 806, 836 n. 46 (1975)).

Because Davis has failed to file a legally or factually sound Objection to the M&R, and because the Court agrees with the M&R's reasoning, the Court finds that it should adopt the findings and recommendations set forth in the M&R as its own solely for the purpose of deciding these Motions and that Defendants' Motions should be granted.

## IV.    ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 31), is **ADOPTED**;

2. Defendants' Motions to Dismiss (Doc. No. 6, 13) are **GRANTED**;

3. Plaintiff's Complaint is **DISMISSED** with prejudice; and

4. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.


Signed: January 27, 2024

Kenneth D. Bell
United States District Judge